UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sherry Brown, *on her own behalf and on behalf of all others similarly situated*,<br><br>                      Plaintiff,<br>    v.<br><br>Rita's Water Ice Franchise Company LLC,<br><br>                      Defendant. | Civil Action No.: 2:15-cv-03509-TJS |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on August 5, 2015 and submit the following report of their meeting for the court's consideration:

    **1. Discussion of Claims, Defenses and Relevant Issues**

    *Plaintiff*

Plaintiff brings this action as a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for Defendants unlawful transmission of telemarketing text messages. The TCPA, § 227(b)(1)(A), prohibits any call to a cellular device without the called parties prior express consent. "Call" under the act includes text messages. FCC Declaratory Ruling and Order, CG Docket No. 02–278, FCC 15-72, ¶¶ 107 (July 10, 2015) ("We reiterate that they [texts] are [subject to the same requirements as calls under the TCPA].").  For telemarketing calls, the prior express consent must be in writing. *Id*. ¶ 98.  Prior express consent is an affirmative defense to TCPA liability and, even where it is obtained, a consumer may revoke consent "through any reasonable means." *Id*. ¶ 55.

Here, Plaintiff alleges that she received numerous automated text messages from Defendant, to her cellular phone, advertising the availability of specific water ice products. Plaintiff alleges that Defendant did not have her prior express written consent to send the messages. Further, the messages themselves contained an instruction to reply "stop" to cease further messages. Plaintiff replied "stop" on several occasions but the texts continued. *See* Complaint ¶ 18. Plaintiff seeks to certify and represent two classes. The first consists of persons where Defendant did not possess clear and conspicuous prior express written consent in the first instance. The second consists of persons who received text messages after notifying the Defendant to cease further messages. For each class, Plaintiff seeks statutory damages under the TCPA and injunctive relief.

*Defendant*

Plaintiff's factual allegations about her personal experience are simple: Defendant allegedly sent her Cool Alerts text messages - which are notifications alerting customers when their selected favorite flavors are available at their local Rita's store - even though she did not provide Defendant with her wireless phone number. Complaint ¶¶ 18-21. Plaintiff also claims that she continued to receive Cool Alerts texts after she attempted to opt-out by texting "stop." *Id.* According to Plaintiff, this violated the TCPA. Based on Defendant's initial factual investigation, it appears that Plaintiff receiving text messages is a result of her having a reassigned phone number and that the previous owner of Plaintiff's phone number had provided Defendant with consent to receive text messages.

Plaintiff, however, has not limited her individual claim to her alleged personal experience, nor does she limit her class claims to persons with experiences similar to hers. Instead, she claims that that the sign up webpage for Rita's Cool Alerts (a website Plaintiff

claims she never used since she alleges she didn't sign up for Cool Alerts) does not satisfy the TCPA's consent requirement. Compl. ¶¶ 3-5, 22-23, 37. She makes this claim in order to support an allegation that every Cool Alerts text message sent by Rita's since July 2011 violated the TCPA. *Id.* ¶ 28. Plaintiff then purports to assert class claims on behalf of a class that includes not just people like her – who allegedly did not sign up for Cool Alerts, or who allegedly attempted to opt-out unsuccessfully – but all persons who received a text message from Rita's after signing up on the Cool Alerts website since July 2011.

As Defendant's Motion to Dismiss filed on August 24th makes clear (Doc. No. 18), Plaintiff's claims related to the Cool Alert's sign-up process do not belong in this case. Rather, this case should be limited to (1) whether Defendant has sent text messages to individuals with whom it has no previous contact; and (2) whether Defendant's mechanism for opting out worked in all instances. As it relates to these limited issues, Defendant's defenses will include that it did not send texts with an auto dialer and that Plaintiff and the purported/proposed class did not attempt to revoke consent, either directly or indirectly through their carrier agents/servants or otherwise through reasonable means.

Moreover, whether or not this case is limited as Defendants suggests, Defendant may have a number of additional defenses, or its current defenses may be significantly strengthened, once the D.C. Circuit Court of Appeals decides the various appeals to the FCC's July 10, 2015 Declaratory Order and Ruling on the TPCA. *See ACA International v. FCC*, 15-1211 (D.C. Cir.). Defenses that may be strengthen or added include that (1) Defendant did not use an automatic telephone dialing system; (2) that a "called party" under the TCPA means the intended recipient of the call and not the subscriber of the telephone number; (3) Defendant did not have to accept the revocations of Plaintiff and other class members because they were not provided and/or

provided in a way that reasonably informed Defendant of the called party's preference; and (4) the FCC's "prior express written consent" standard does not apply.

2. **Informal Disclosures**

The parties exchanged their Initial Disclosures pursuant to Rule 26(a)(1) on August 4, 2015.

The parties have conferred and agreed to make the following informal discovery disclosures without the need for formal requests and will make such disclosures by September 4, 2015.

- Plaintiff will disclose
    - Screen captures of text messages sent to her phone.
    - Copies of e-mails sent to Defendant regarding the text messages.
    - The identity of her cellular phone service provider.
- Defendant will disclose:
    - Records of texts to the Plaintiff's phone number.
    - Representative copies of the Cool Alerts sign-up page.
    - Information regarding the number of individuals who received text messages and the number of stop requests received.
    - Information regarding its current financial condition.
    - To the extent they exist, any manuals or other summary documents demonstrating how the Cool Alert system works.

3. **Formal Discovery**

   **Defendant's Position:**

   Defendant respectfully submits that the most efficient course is to stay discovery in this matter pending the D.C. Circuit's decision in *ACA International v. FCC*, 15-1211 (D.C. Cir.). As explained above, the *ACA International* case may have a significant impact on the merits of this case. Depending on how the D.C. Circuit rules, much of the discovery the parties will have conducted may become irrelevant or need to be augmented. Rita's is a small company with thin financial resources and being forced to engage in potentially needless discovery will place significant strain on it and create undue settlement pressure. Similarly, depending on the timing of the D.C. Circuit's ruling, the Court may have to revisit previous rulings. Thus, while the Court may still decide Rita's Motion to Dismiss and/or Strike, a brief discovery delay will likely result in long-term efficiencies because the D.C. Circuit's rulings will resolve a number of unsettled issues under the TCPA, including many that will impact the course of this case. Accordingly, Rita's reserves the right to seek such a stay after attending/participating in the Rule 16 conference and otherwise at any time it deems appropriate in the future.

   **Plaintiff's Position**

   To be clear, Defendant has not requested any stay of this case. Plaintiff does not propose a stay nor would one be appropriate here.

   Plaintiff proposes that discovery should continue and not be phased, and that merits and class discovery should proceed at one time. The nature of discovery will be both written and testimonial and, aside from the above disclosures, will be formal.

   Plaintiff proposes a deadline for all discovery, including expert discovery, of **April 22, 2016**. Because this is a class action, discovery will involve analysis of Defendant's dialing

systems with possible discovery of third parties.  Given the nature of the case, Plaintiff respectfully submits that the additional time, beyond the maximum 150 days set forth in the Court's scheduling order, is appropriate.

The parties are conferring on a proposed confidentially agreement to govern the disclosure of confidential documents in this case.

4. **Electronic Discovery**

The parties have agreed to a slightly altered version of the Court's form Order Governing Electronic Discovery, which has been filed contemporaneously with this Report.

5. **Expert Witness Disclosures**

**Defendant's position:** See paragraph 2.

**Plaintiff's position:**  Plaintiff proposes that the parties should disclose their respective expert witness identities and anticipated testimony on or before **December 21, 2015**.  Plaintiff proposes that the parties should disclose their expert reports on or before **February 16, 2015**.

6. **Early Settlement or Resolution**

The parties have discussed the applicability of ADR to this action at this time.  At this time, settlement or ADR is premature.  The parties agree that the informal discovery above is necessary to facilitate meaningful discussions of settlement and the parties will engage in that informal exchange of information.

7. **Trial Date**

The parties do not request a trial date.

8. **Other Matters**

**Defendant's position:** The dispositive motion and class certification deadline should be 30 days after the *ACA International* case is decided.

**Plaintiff's position:** Plaintiff proposes a dispositive motion deadline, for both class certification and merits, of May 20, 2016.

DATED: September 2, 2015

Respectfully submitted,

  /s/ *Stephen Taylor*
Stephen Taylor
Lemberg Law, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: staylor@lemberglaw.com
*Attorneys for Plaintiff*


  /s/ *Constantine Fournaris*
Constantine Thomas Fournaris
Wiggin and Dana LLP
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, PA 19102
Email: cfournaris@wiggin.com
*Attorney for Defendant*