# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERRY BROWN**, on her own behalf and on behalf of all others similarly situated, | : : : : | **Civil Action** |
| v. | : : : | **No. 15-3509** |
| **RITA'S WATER ICE FRANCHISE COMPANY LLC,** | : : | |

## ORDER GOVERNING ELECTRONIC DISCOVERY

**AND NOW**, this ____ day of _____, 2015, it is **ORDERED** as follows:

1. Exchange of e-discovery materials. Within 30 days after the Rule 16 conference, the parties shall exchange the following information:

    a. a list of the most likely custodians of relevant electronic materials, including a brief description of each person's title and responsibilities;

    b. a list of each relevant electronic system that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization, and formats employed in each system.

    c. the parties should also include other pertinent information about their electronic documents and whether those electronic documents are of limited accessibility, that is, those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost;

    d. a general description of the party's electronic document retention policies.

   e. the name of the individual who shall serve as the party's "e-discovery liaison;"

   f. A description of any problems reasonably anticipated to arise in connection with e-discovery.

 2. E-discovery conference.  The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling conference with the court.

 3. E-discovery liaison.  To promote communication and cooperation between the parties, each party shall designate a single individual through whom all e-discovery requests and responses are made ("the e-discovery liaison"). Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

   a. familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions;

   b. knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues;

   c. prepared to participate in e-discovery dispute resolutions; and,

   d. responsible for organizing the party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

 4. Search methodology.   If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective

e-discovery liaisons, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

     5.    Timing of e-discovery.  Discovery of electronic documents shall proceed in the following sequenced fashion:

          a.    after receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with Fed.R.Civ.P. 26(b)(2);

          b.    electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed;

          c.    requests for information expected to be found in limited accessibility documents must be narrowly focused with a factual basis supporting the request.  Upon such request the parties will discuss methods of producing such documents.  The producing party retains the right to object to production as allowed under the Federal Rules of Civil Procedure or other applicable substantive law, including that the retrieving and producing limited accessibility documents would create an undue burden or expense on the producing party; and

          d.    on-site inspections of electronic media under Fed.R.Civ.P.34(b) shall not be permitted, absent exceptional circumstances where good cause and specific need have been demonstrated.

6.      Format.   The parties will produce electronic documents as word searchable pdfs, however, the parties by agreement may produce electronic documents in another format.  The parties further agree that, when an electronic document's native format is excel or other comparable spreadsheet format, the parties will produce that document in both a word searchable pdf format and in an excel or other comparable spreadsheet format.  When the file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history. However, the parties agree that they do not have to produce metadata absent a showing or good cause or particularized need.   After initial production is complete, a party must demonstrate particularized need for production of electronic documents in their other native format.

7.      Retention.  Both parties represent that they have already taken steps to ensure that they have taken steps to preserve all relevant documents.

8.      Privilege.   Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

9.      Costs. Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.

_____
TIMOTHY J. SAVAGE, J.