# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sherry Brown and Ericka Newby, *on their own behalf and on behalf of all others similarly situated*,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>Rita's Water Ice Franchise Company LLC, *a Pennsylvania Limited Liability Company*,<br><br>　　　　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:　CIVIL ACTION NO: 15-CV-3509-TJS<br>:<br>:<br>:<br>:<br>:<br>: |

## CLASS ACTION SETTLEMENT AND RELEASE

It is hereby stipulated and agreed to by and between the undersigned Parties, subject to the approval of the Court, that the settlement of this Action shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement.

## ARTICLE I - RECITALS

**A.**　　**WHEREAS**, on or about June 22, 2015, Plaintiff Sherry Brown ("Brown") filed an action entitled *Sherry Brown v. Rita's Water Ice Franchise Company LLC*, Case No. 15-CV-3509-TJS in the United States District Court for the Eastern District of Pennsylvania (the "Action");

**B.**　　**WHEREAS**, on or about July 13, 2015, Plaintiff Ericka Newby ("Newby) filed a separate action entitled *Ericka Newby v. Rita's Franchise Corporation*, Case No. 2:15-CV-03880-JHS in the United States District Court for the Eastern District of Pennsylvania, which was voluntarily dismissed without prejudice on October 6, 2015;

**C.**　　**WHEREAS**, on or about October 7, 2015, Brown and Newby (collectively the "Plaintiffs") filed their First Amended Class Action Complaint (the "Complaint") in the Action

which is now titled *Sherry Brown and Ericka Newby,* on their own behalf and on behalf of all others similarly situated*, vs. Rita's Water Ice Franchise Company LLC,* a Pennsylvania Limited Liability Company, Case No. 15-CV-3509-TJS;

**D.    WHEREAS**, the Action alleges, on behalf of Plaintiffs and on behalf of two alleged nationwide classes (collectively referred to as the "Settlement Class"), that Defendant Rita's Water Ice Franchise Company LLC ("Rita's") violated the federal Telephone Consumer Protection Act (the "TCPA") by sending text messages using an automated telephone dialing system to cellular telephones without the adequate express written consent of the called party (the "Defective Consent Class") and/or after the called party had revoked any consent to messages by requesting that Rita's stop the messages (the "Stop Class").

**E.    WHEREAS**, Defendant vigorously denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability, and denies all material allegations of the Complaint.

**F.    WHEREAS**, counsel for the Parties have investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action, and have conducted a thorough assessment of the strengths and weaknesses of their respective claims and defenses;

**G.    WHEREAS**, counsel for the Parties have engaged in extensive arm's-length negotiations concerning the settlement of the claims asserted in the Action, including two full-day mediation sessions overseen by the Hon. Diane M. Welsh (Ret.) of JAMS, former U.S. Magistrate Judge, U.S. District Court for the Eastern District of Pennsylvania;

**H.** **WHEREAS**, Rita's, without admitting any liability, fault or wrongdoing, desires to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, for itself and its franchisees and customers, and for the purpose of putting to rest the controversies engendered by the litigation;

**I.** **WHEREAS**, Brown, Newby, and their counsel, on behalf of the Settlement Class, have concluded based upon their investigation and taking into account the contested issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs associated with further prosecution of the Action, the uncertainties of complex litigation, the financial constraints on the Defendant, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Rita's on the terms set forth herein is fair, reasonable, and adequate, and in the best interest of the Named Plaintiffs and the Settlement Class;

**J.** **WHEREAS**, Brown, Newby, and their counsel, on behalf of the Settlement Class, have agreed to settle the Action with Rita's on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class or any other issue raised in the Action; and

**K.** **WHEREAS**, the Settlement contemplated by this Agreement is expressly conditioned upon and subject to preliminary and final approval by the Court, as set forth herein. Absent such approvals, this Agreement and underlying settlement shall be null, void, and of no further force or effect and the parties shall be returned to their *status quo ante* as set forth at Article

3

IV, section 9. Effective upon such approvals, this Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the claims of the Settlement Class, upon and subject to the terms and conditions hereof.

**L.** **WHEREAS**, Rita's and counsel for Rita's have agreed to settle the Action with Plaintiffs on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law and without this Settlement Agreement, including any exhibits thereto, constituting any evidence against, or any admission by, any Party with respect to liability, fault, certifiability of the class, or any other issue raised in the Action.

**NOW, THEREFORE**, it is hereby stipulated and agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the approval of the Court, the Action shall be fully and finally settled and dismissed with prejudice under the following terms and conditions.

## ARTICLE II – DEFINITIONS

Unless defined elsewhere in this Settlement Agreement, as used in this Settlement and the related documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below. The singular includes the plural and vice versa.

1.     "Action" means this lawsuit, *Sherry Brown and Ericka Newby,* on their own behalf and on behalf of all others similarly situated*, vs. Rita's Water Ice Franchise Company LLC,* a Pennsylvania Limited Liability Company, 2:15-cv-03509-TJS (E.D. Pa.)

2.     "Attorney's Fees and Costs" means the award of reasonably attorney's fees and costs to be approved by the Court pursuant to the settlement of this Action.

3.      "Benefit Check" means the negotiable check to be sent to those Settlement Class Members who shall receive the Claimant Payment pursuant to Article III, section 1(b) below.

4.       "Claim Form" means the form by which members of the Settlement Class may submit a claim and which may entitle such persons to receive a Benefit Check. The Claim Form will be substantially in the form of Exhibit 1 to this Settlement Agreement.

5.      "Claimant Payment" means the distribution of Award Units as described in Article III, section 1(c), to be paid from the Settlement Fund to each Settlement Class Member who submits a Valid Claim Form, as described in Article III, section 1(b) below.

6.      "Class" means the "Settlement Class," as defined below.

7.      "Class Counsel" means Lemberg Law, LLC, and Woodrow & Peluso, LLC.

8.      "Class Member" means a member of the Settlement Class.

9.      "Class Period" means the period from June 22, 2011 to the present.

10.      "Counsel for the Defendant" or "Defendant's Counsel" means the law firm of Wiggin and Dana LLP.

11.      "Court" means the United States District Court for the Eastern District of Pennsylvania.

12.      "Effective Date" means seven (7) business days after the Court has entered a Final Approval Order and a Judgment, in substantially the same form as Exhibit 2 and 6, respectively, and that Final Approval Order and that Judgment have become Final. If the requirements in the foregoing sentence are satisfied before January 1, 2017, then the Effective Date shall mean January 1, 2017 and no earlier.

5

13.     "Final" means that the Final Approval Order and the Judgment have been entered on the docket in the Action and that the following has occurred: (a) the time to appeal from such order and judgment has expired and no appeal has been timely filed, or (b) if an appeal from such order and judgment have been filed, it has resulted in an affirmance of the Final Approval Order and the Judgment without any material change, no other appeal or petition for rehearing or review is pending, the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired, relief from a failure to file same is not available, and the mandate is filed with the Court, or (c) the Court, following the resolution of any appeal from the Final Approval Order and the Judgment, enters a further order or orders approving settlement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

14.     "Final Approval Hearing" means the hearing at which the Court will be asked to grant final approval to this Settlement Agreement in all material respects, consider any timely objections to this Settlement Agreement, authorize the entry of a final judgment, and dismiss the Action with prejudice.

15.     "Final Approval Order" means the order, substantially in the form of Exhibit 2 attached herein, in which the Court grants the Named Plaintiffs' motion for final approval, certifies the Settlement Class, grants final approval of this Settlement Agreement, and dismisses the Action with prejudice.

16.     "Judgment" means the separate judgment, substantially in the form of Exhibit 5 attached herein, required by Federal Rule of Civil Procedure 58(a) that finally approves the Settlement, enters final judgment, and dismisses the Action with prejudice.

6

17.     "Incentive Award" means the payment to be made to the Named Plaintiffs pursuant to Article VI, section 2(a-d) of this Settlement Agreement, as approved by the Court in recognition for the Named Plaintiffs' time, effort, and exposure in prosecuting the case.

18.      "Named Plaintiffs" means Sherry Brown and Ericka Newby.

19.     "Notice" means written notice, substantially in the form of Exhibit 3 hereto, provided to Settlement Class Members pursuant to Article IV, section 3 of this Settlement Agreement.

20.     "Opt-out/Objection Deadline" means and refers to the date set by the Court for Settlement Class Members to submit requests to be excluded from the Settlement Agreement or objecting to the Settlement Agreement.

21.     "Parties" means the Named Plaintiffs, the Settlement Class, and Rita's.

22.     "Preliminary Approval Order" means the order, substantially in the form of Exhibit 4 attached hereto and described in Article IV, section 2 below, in which the Court, *inter alia*, preliminarily certifies the Settlement Class, grants its preliminary approval to this Settlement Agreement, authorizes dissemination of Notice to the Settlement Class, and schedules the Final Approval Hearing.

23.     "Release" means the releases set forth in Article V of this Settlement Agreement.

24.     "Released Persons" shall mean Rita's, as that term is defined in Article II, and its current and past franchisees, and their respective predecessors, successors, heirs, assigns, partners, shareholders, members, officers, directors, executors, administrators, employees, agents, attorneys, affiliates, parents, subsidiaries,  vendors, independent contractors,  or any other representatives or persons acting on their behalf.

7

25.     "Rita's" or "Defendant" means defendant Rita's Water Ice Franchise Company LLC.

26.     "Settlement Administration Costs" means any and all costs incurred in administering the Settlement, to be paid exclusively from the Settlement Fund, including but not limited to the costs of disseminating all Notice and Claim Forms, publishing notice, administering and maintaining the Settlement Website, processing Claim Forms, and providing the Benefit Checks to Settlement Class Members who submit a Valid Claim Form, but specifically excluding all class benefit payments, payment of Incentive Awards, and payment of Attorney's Fees and Costs.

27.     "Settlement Administrator" means A.B. Data, Ltd., an experienced third-party entity in the business of class action settlement administration, or such other third party administrator approved by the Court.

28.     "Settlement Agreement" or "Settlement" or "Settlement Agreement and Release" or "Agreement" each mean this settlement agreement and release, including the attached exhibits.

29.     "Settlement Class" means all persons in the United States to whom Rita's sent a "Cool Alerts" text message between June 22, 2011 and September 15, 2015. For the purpose of this definition, the term "person" includes individuals, business entities and partnerships. For purposes of this settlement, multiple owners or users of a single cellular telephone at a given time are deemed to be a single member of the Settlement Class.

30.     "Settlement Class Member" means all members of the Settlement Class who have not timely and properly opted out of the Settlement Class as provided for in Article IV, section 4 below.

31.     "Settlement Class Representatives" means the Named Plaintiffs.

32.     "Settlement Fund" means the total aggregate amount that Rita's will become obligated to pay by operation of this Settlement Agreement, if it receives final approval from the Court and becomes Final. The Settlement Fund equals three million dollars ($3,000,000.00 USD) and constitutes Rita's exclusive payment obligation under this Settlement Agreement. The Settlement Fund will be used to pay: (a) the Claimant Payment to Settlement Class Members who submit a Valid Claim Form; (b) any award of reasonable Attorney's Fees and Costs; (c) any Incentive Awards approved by the Court; and (d) the Settlement Administration Costs. The Settlement Fund at all times will be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1.  All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), will be paid out of the Settlement Fund. Defendant and Defendant's Counsel, and Plaintiffs and Class Counsel, will have no liability or responsibility for any of the Taxes.  The Settlement Fund will indemnify and hold Defendant and Defendant's Counsel, and Plaintiffs and Class Counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

33.     "Settlement Website" means the Internet site to be administered and maintained by the Settlement Administrator concerning the Settlement.

9

34.     "Successful Opt-Out" means a person who, pursuant to Article IV, section 4 of this Settlement and Fed. R. Civ. P. 23, exercises his or her right to be excluded from the Settlement Class by the Opt-Out/Objection Deadline, but shall not include (a) persons whose communication is not treated as a request for exclusion pursuant to Article IV, section 4, and (b) persons whose requests for exclusion are not valid or are otherwise void pursuant to Article IV, section 4.

35.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* together with its implementing Regulations, 47 C.F.R. § 64.1200 *et seq.*

36.     "Texts" or "Text Messages" means any text messages transmitted (or the attempted transmission of such messages) by or on behalf of Rita's to the wireless telephone numbers associated with a member of the Settlement Class.

37.     "Valid Claim Form" shall mean a Claim Form that:

      a)     is filled out by the Class Member or a person authorized by law to act on behalf of the Class Member;

      b)     contains the address of the Class Member;

      c)     is executed and certified by the Class Member for whom the Claim Form is being submitted (or by his, her or their legal representative);

      d)     is timely, as judged by the fact that it is postmarked (if mailed to the Settlement Administrator) or time-stamped (if submitted to the Settlement Administrator via the Settlement Website) by the Opt-Out/Objection Deadline set by the Court; and

      e)     is not successfully challenged. A Claim Form shall be treated as successfully challenged under the standards set forth in Article III, section 2 below.

38.     All references to days shall be interpreted to mean calendar days, unless otherwise noted. When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

39.     All references to "his," "her," and similar terms are intended to be gender-neutral, and apply equally to persons who are businesses, organizations, or other non-natural persons.

40.     Other terms are defined in the text of this Settlement Agreement and shall have the meaning given to those terms in the text. It shall be the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Settlement Agreement, unless otherwise specified.

## ARTICLE III – SETTLEMENT CONSIDERATION AND CLAIMS PROCEDURE

In consideration of a full, complete and final settlement of the Action, dismissal of the Action with prejudice, and the releases set forth in Article V below, and subject to the Court's approval, the Parties agree to the following relief.

1.     **Relief to Settlement Class Members**

a.     Rita's shall establish a Settlement Fund of three million dollars ($3,000,000.00). Rita's shall have no payment obligations under this Settlement other than the Settlement Fund.

b.     Subject to the terms and conditions of this Agreement, if a Settlement Class Member submits a Valid Claim Form, he or she shall receive a Benefit Check in the amount of the Claimant Payment.

c.     Each Settlement Class Member who submits a Valid Claim Form shall be eligible to receive one Claimant Payment determined by the following formula:

11

1.      Settlement Class Members who were sent a "Cool Alerts" text message and who file a Valid Claim Form shall receive one (1) Award Unit;

2.      Settlement Class Members who received at least one "Cool Alerts" text message after texting stop in response to a previous "Cool Alerts" text message and who file a Valid Claim Form shall receive ten (10) Award Units;

3.      For Settlement Class Members who satisfy the requirements of both Paragraph 1 and Paragraph 2 above, the Award Units are cumulative and should be totaled.  By way of example, if a Settlement Class Member was sent a "Cool Alerts" text message and also received a "Cool Alerts" text message after texting stop in response to a previous "Cool Alerts" text message, that Settlement Class Member shall receive eleven (11) Award Units;

4.      Each Award Unit will have an equal monetary value, determined by dividing the Net Settlement Fund (calculated and defined as the total Settlement Fund ($3,000,000.00) less Settlement Administration Costs, Attorney's Fees and Costs, and Incentive Awards) by the total number of Award Units (calculated based upon the number of eligible claiming Class Members).

5.      Each Claimant Payment shall be calculated by multiplying the number of Award Units to which the Class Member is entitled by the monetary value of the Award Unit as calculated in subparagraph (c)(4) above.

d.      Benefit Checks for the Claimant Payments shall be valid for sixty (60) days after issuance.  Any funds associated with Benefit Checks not cashed by class members within that time will remain in the Settlement Fund unless such Benefit Check is returned as undeliverable to the Claims Administrator within the sixty day period after issuance ("Returned Benefit Checks").

12

With respect to Returned Benefit Checks, the Settlement Administrator will make one (1) attempt at re-mailing to the address on file or to any updated address determined by using the national change of address registry.

      e.      Monies remaining in the Settlement Fund on account of uncashed Benefit Checks and any interest earned on the monies in the Settlement Fund will belong and be paid to Rita's 70 days after the final issuance of the Benefit Checks.

      f.      Notwithstanding any judgment, principle, or statute, there shall be no interest accrued, owing, or paid by Rita's on the Claimant Payments, or on the Settlement Fund, or on any other benefit available (or potentially available) under this Agreement.

      g.      Rita's agrees that, if it chooses to send Cool Alerts using text messages, for a period of twelve (12) months starting from the date the Settlement becomes Final, it will include the following written disclosure on its web pages where consumers enter their phone numbers to receive Cool Alerts text messages:

> By [clicking/signing] below and providing my mobile phone number above, I agree and authorize Rita's to deliver or cause to be delivered to me marketing and other text messages sent using an automatic telephone dialing system, and I understand that I am not required to click below or provide my mobile phone number above (directly or indirectly), or to agree to enter into any such agreement as a condition of purchasing any property, goods, or services.

   **2.**     **Disputed Claims**

      a.      The Settlement Administrator shall be responsible for administering the Settlement and for receiving and keeping safe and secure all Claim Forms. By the later of the Effective Date or thirty (30) days from the date set by the Court for the return of Claim Forms, the

Settlement Administrator shall examine each Claim Form and determine if the Claim Form constitutes a Valid Claim Form eligible to receive the Claimant Payment described above.

b.    The Settlement Administrator shall identify any persons who submit Claim Forms that are incomplete and advise those persons in writing of the deficiencies in their Claim Forms providing them with thirty (30) days in which to cure any such deficiencies.  In the event a person fails to cure the identified deficiencies within the 30-day period, the Settlement Administrator shall provide his or her contact information and the deficient Claim Form to Class Counsel and Defendant's Counsel. Class Counsel may call and follow up with the person. The period to cure will be closed thirty (30) days after Class Counsel receives a listing of any deficient Claim Forms.

c.    Within fifteen (15) days of the end of the period to cure deficient Claim Forms described in Article III, section 2(b) above, Plaintiffs or Class Counsel may challenge any claims determined not to be Valid Claim Forms by the Settlement Administrator as meeting the definition of a Valid Claim Form by written notice to the Settlement Administrator and Rita's ("Disputed Invalid Claims"). Such notice of Disputed Invalid Claims shall void a determination of an invalid claim unless Rita's disputes the challenge in good faith, and in writing, to Class Counsel within fifteen (15) days of receipt of the Disputed Invalid Claim (or within such additional time as the Parties may agree or the Court may permit).

d.    Any Disputed Invalid Claims that cannot be resolved by the Parties shall be submitted to the Court for resolution.

e.    Any Disputed Invalid Claims that are not challenged by Rita's will be deemed Valid Claim Forms for purposes of the Settlement.

f.      Any Disputed Invalid Claims challenged by Rita's and determined to be valid by the Court pursuant to section 2(d) above will be deemed Valid Claim Forms for purposes of the Settlement.

3.      **Payment of Benefits**

a.      Subject to the terms and conditions of the Agreement, after the Effective Date and no later than sixty (60) days following the resolution of all Disputed Invalid Claims, the Settlement Administrator shall mail or otherwise provide a Benefit Check in the amount of the Claimant Payment to each Settlement Class Member who has returned or submitted a Valid Claim Form.

b.      The Benefit Checks shall be paid solely from the Settlement Fund and shall be mailed to the address provided by the Settlement Class Member on his or her Valid Claim Form.

c.      All Benefit Checks issued under this section shall be void if not negotiated within sixty (60) days of their date of issue and shall contain a disclosure to that effect. Benefit Checks issued pursuant to this section that are not negotiated within sixty (60) calendar days of their date of issue shall not be reissued.

d.      Subject to the terms and conditions of this Agreement, the Settlement Administrator shall, within  seventy days  (70) days after the final mailing of all Benefit Checks as set forth in Section 1(d)(4) above, distribute the value of all uncashed Benefit Checks, as well as any interest on the Settlement Fund, to Rita's.

e.      The Settlement Administrator's and the Parties' respective obligations with respect to the distribution of Benefit Checks, the Settlement Administration Costs, any award of

Attorney's Fees and Costs, any Incentive Awards, and the amount of unclaimed and uncashed

Benefit Checks, if any, shall be performed reasonably and in good faith. So long as they are, the

Parties and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate

distribution, and the Release and any judgment shall be effective, once this Agreement becomes

Final.

### ARTICLE IV – SETTLEMENT PROCEDURES

1.     **Class Certification**

a.     For purposes of this Settlement Agreement and the proceedings and

certification contemplated herein, Plaintiffs will request that the Court appoint the Named

Plaintiffs, Sherry Brown and Ericka Newby, as the Settlement Class Representatives for the

Settlement Class and that their counsel from the law firm of Lemberg Law, LLC, Sergei Lemberg

and Stephen F. Taylor, and the law firm of Woodrow & Peluso, LLC, Steven Woodrow and

Patrick Peluso, be appointed Class Counsel. Rita's agrees not to oppose any motion of Lemberg

Law, LLC and Woodrow & Peluso to be appointed as Class Counsel or to have Named Plaintiffs

appointed as Settlement Class Representatives.

b.     This Agreement is not to be construed as an admission by Defendant that

the Class or any other class could be appropriately certified outside of the context of settlement.

However, Defendant does not object to the certification of the Class strictly and solely for

settlement purposes only.  Certification of the Class will be effective only with respect to the

Settlement of this Action and is without prejudice to the rights of Rita's to oppose class

certification and/or to contest issues of liability, in this Action or any other action, should this

Settlement Agreement be terminated or the Effective Date not occur for any reason.  In the event

that this Agreement is terminated pursuant to its terms or the Effective Date does not occur for any reason, then certification of the Class, which is strictly and solely for settlement purposes only, will be vacated and of no further force or effect, and the Action will proceed as it existed before execution of this Agreement.

2.    **Preliminary Approval**

a.    As soon as practical after the execution of this Settlement Agreement, Plaintiff shall move the Court for a Preliminary Approval Order substantially in the form of Exhibit 4 hereto. Rita's agrees that it will not oppose the entry of the Preliminary Approval Order, provided it is substantially in the form of Exhibit 4 hereto, but Rita's failure to oppose the Plaintiffs' request for entry of a Preliminary Approval Order shall not be an admission by Defendant that a class and/or relief was appropriate in the Action or would be appropriate in any other matter.

b.    Such Preliminary Approval Order shall, *inter alia*:

i.    preliminarily approve the Settlement as fair, reasonable, and adequate, including the material terms of this Settlement Agreement;

ii.    provisionally approve the Settlement Class for settlement purposes only;

iii.    approve the proposed Notice and Claim Form in forms substantially similar to those attached hereto as Exhibits 1 and 3, and authorize their dissemination to the Settlement Class;

iv.    approve the requirement that Settlement Class Members submit a Valid Claim Form in order to obtain the Benefit Check;

17

v.      set deadlines consistent with this Agreement for mailing of the Notice and Claim Form, the submission of Claim Forms, the Opt-Out/Objection Deadline, and the filing of papers in connection with the Final Approval Hearing;

vi.      conditionally designate Named Plaintiffs as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class;

vii.      approve the Settlement Administrator; and

viii.      set a date for the Final Approval Hearing.

**3.      <u>Class Notice and Claim Form</u>**

a.      Rita's shall, within thirty (30) days of entry of the Preliminary Approval Order, pay to the Settlement Administrator the sum of sixty-nine thousand dollars ($69,000.00 USD) as an advance against the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including class notice expenses. This and any other advances paid to the Settlement Administrator by Rita's are deemed contributions to the Settlement Fund and shall be credited in their entirety (100%) towards Rita's obligation under Article III, Section 1(a) above.  In the event that this Agreement terminates, any advances paid to the Settlement Administrator by Rita's that have not been spent, and are not required for amounts that are due and payable for reasonable and identified notice and administration costs already incurred, shall, within ten (10) business days, be returned by the Settlement Administrator to Rita's by payment to an account designated by Rita's.

b.      Once Rita's fully funds the Settlement Fund, any additional Settlement Administration Costs shall be paid exclusively from the Settlement Fund. The Parties acknowledge and agree that the timing of the funding of the Settlement Fund is a material term for

Rita's and part of the essence of and a condition subsequent to this Agreement. Accordingly, other than the advances for Settlement Administration Costs required by Article IV Section 3(a), Rita's will not be required or obligated to make any payments to the Settlement Fund before January 1, 2017.  After January 1, 2017, Rita's will fund the Settlement Fund by paying $3,000,000.00 (less the advance set forth in Article IV, Section 3(a) above) within (28) twenty-eight days of the Effective Date.

        c.      In the event of the entry of a Preliminary Approval Order, the Parties and the Settlement Administrator shall prepare the list of Class Members to receive the Notice ("Class Member List"). To prepare the Class Member List, the Parties shall provide the Settlement Administrator with a list of the unique telephone numbers and other biographic information, including names and telephone numbers and email addresses if available, of the Class Members, as they exist in Rita's records. The Settlement Administrator shall perform a reverse look-up (and other investigations deemed appropriate by the Settlement Administrator) of those telephone numbers using one or more vendors to identify the owner of cellular numbers in the list at the time of a Text and a current mailing address for the owner of the number.  After identifying mailing addresses through this process, the Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updated addresses, if any are available.

        d.      Within forty-five (45) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail the Notice, together with the Claim Form, to each Class Member for whom a mailing address has been obtained through the process described in Article IV, section 3(c) above. Neither the Parties nor the Settlement Administrator shall have any

19

obligation to mail the Notice and/or Claim Form to any Class Member for whom no mailing address was identified through the process set forth in Article IV, section 3(c) above.

    e.  If any Notice sent under Article IV, section 3(d) above is returned by the Postal Service as undeliverable within sixty (60) days, the Settlement Administrator shall re-mail the Notice once to the forwarding address, if any, provided by the Postal Service on the face of the returned mail. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail Notices.

    f.  The Settlement Administrator shall have discretion to format the Notice and Claim Form in a reasonable manner to minimize mailing or administrative costs. Before Notice is commenced, Class Counsel and Counsel for Defendant shall first be provided with a proof copy of any and all Notices (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with the Court's orders.

    g.  After entry of the Preliminary Approval Order and before the date of the mailing of the Notice, the Settlement Administrator shall cause the Complaint, Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be made available on a dedicated Settlement Website to be administered by the Settlement Administrator. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by Class Counsel and Defendant's Counsel, which approval shall not be unreasonably withheld.

    h.  Claim Forms shall be returned or submitted to the Settlement Administrator via U.S. Mail or via submission through the Settlement Website, by the deadline set by the Court

or be forever barred. The Parties will recommend that the deadline for the return or submission of Claim Forms to the Settlement Administrator should be twenty-one (21) days before the date of the Final Approval Hearing Date originally set by the Court.

**4.** **Right and Effect of Members of the Class to Opt-Out**

a.      Each member of the Settlement Class shall have the right to opt-out and not participate in the Settlement Agreement as provided for in the Preliminary Approval Order.

b.      The Notice shall inform each Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Agreement, if, before the Opt-Out/Objection Deadline, the Class Member personally completes and mails a valid request for exclusion ("Opt-Out") to the Settlement Administrator at the addresses set forth in the Notice. The Opt-Out must be postmarked on or before the Opt-Out/Objection Deadline.

c.      For a Class Member's Opt-Out request to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number at which Rita's Text Messages were received; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action; and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. The Settlement Administrator shall promptly inform Rita's and Class Counsel of any Opt-Outs it receives.

21

d.      Members of the Settlement Class who submit complete Opt-Outs that are postmarked before the Opt-Out/Objection Deadline shall receive no benefit or compensation under this Settlement Agreement, shall have no right to object to the proposed Settlement Agreement or attend the Final Approval Hearing, and shall not be bound by any order or judgment entered in this Action.

e.      A request to Opt-Out that does not comply with all of the foregoing, or that is not timely submitted or postmarked by the Opt-Out/Objection deadline, or that is sent to an address other than that set forth in the notice, shall be invalid and the person serving such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement and the Release contained herein.

f.      No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) to opt-out more than one Class Member on a single paper, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Settlement Class Member.

g.      Before the Final Approval Hearing, Class Counsel, Counsel for the Defendant and the Settlement Administrator shall create a comprehensive list of successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Class Member is a request to opt-out. Rita's or Class Counsel may dispute an Opt-Out or purported Opt-Out, and the presentation and resolution of such disputes shall be governed by the identical procedure set forth with respect to Disputed Claims.

**5.      Inquiries from Settlement Class Members**

a.     It shall be the responsibility of the Settlement Administrator to respond to all inquiries from members of the Settlement Class with respect to this Settlement except to the extent that inquiries are directed to Class Counsel. Class Counsel and Counsel for Defendant must both approve any FAQs or other materials the Settlement Administrator may use to answer inquiries from Settlement Class Members and shall confer and assist the Settlement Administrator as it requests.

6.     <u>**Objections to the Settlement**</u>

a.     Any Settlement Class Member who wishes to object to the proposed Settlement must mail or hand-deliver the Objection to the Court, which the Court will distribute to the parties by placing the Objection on the publically available docket as received, so that the Objection is postmarked or delivered by the Opt-Out/Objection Deadline. Objections may be filed by counsel for a Settlement Class Member though any such counsel must file an appearance in the Action.

b.     Each Objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member at which the Settlement Class Member claims text messages were received; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth the complete legal and factual bases for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the

23

objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing; (viii) state the number of times the Settlement Class Member has objected to a class action settlement in the last five years, and if he/she has objected, provide the caption of each case; (ix) identify any counsel who represents the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (x) state the number of times that the objector's counsel and/or counsel's law firm have objected to a class action settlement within the last five years and the caption of each case in which the counsel or the firm has made such objection; and (xi) identify any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel and any other person or entity.

   c. The Parties will recommend that all Objections should be mailed or hand-delivered to the Court before the Opt-Out/Objection Deadline, which the Parties shall request be set no fewer than twenty-one (21) days prior to the Final Approval Hearing. An objector is not required to attend the Final Approval Hearing.

   d. Any Settlement Class Member who does not submit an Objection in complete accordance with this Agreement, the Notice and otherwise as ordered by the Court that is postmarked or delivered by the Opt-Out/Objection Deadline shall not be treated as having filed a valid Objection to the Settlement and shall forever be barred from raising any objection to the Settlement.

   7. **Final Approval Hearing**

   a. The Parties will recommend that the Final Approval Hearing be scheduled for a date no greater than one hundred eighty (180) days after the last date required under Article

24

IV, section 3(d) above for the mailing of the Notice and Claim Form. To comply with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the Final Approval Hearing must be at least 100 days after Plaintiffs move for the entry of a Preliminary Approval Order.

      b.     The Parties will file with the Court their briefs in support of final approval and in response to any objections no greater than fourteen (14) days before the Final Approval Hearing. Class Counsel shall file their petition for any award of reasonable Attorney's Fees and Costs no later than thirty-five (35) days prior to the Final Approval Hearing.

      c.     Any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court, mail or hand-deliver to the Court a notice of appearance in the Action, take all other actions or make any additional submissions as may be required in the Notice or as otherwise ordered by the Court, and mail that notice and any other such pleadings to Class Counsel and Counsel for the Defendant as provided in the Notice. Unless so permitted by the Federal Rules of Civil Procedure or the Local Rules of the presiding Court, no Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in an Objection but failed to do so. Any Settlement Class Member who fails to comply with this Agreement, the Notice, and any other order by the Court shall be barred from appearing at the Final Approval Hearing.

      d.     The Parties shall ask the Court to enter a Final Approval Order and a Judgment, substantially in the form of Exhibit 2 and 6, respectively.  Rita's request for entry of the Final Approval Order and the Judgment shall not be an admission or concession by Rita's that a class and/or relief was appropriate in the Action or would be appropriate in any other matter.

e.      If and when the Settlement becomes Final, the Action shall be dismissed with prejudice, with the Parties to bear their own costs and attorney's fees not otherwise awarded in accordance with this Agreement.

f.      Rita's shall provide, or cause the Settlement Administrator to provide on Rita's behalf, notice of the Settlement to the appropriate state or federal officials in accordance with the CAFA. No later than fourteen (14) days before the Final Approval Hearing, Rita's shall file or cause the Settlement Administrator to file with the Court a certification that it complied with the CAFA notice requirements and stating the date of such compliance.

## 8.      **Litigation Stay**

a.      Except as necessary to secure approval of this Settlement Agreement or as otherwise provided herein, the Parties shall take no further steps to prosecute the Action in this Court or in any other court. In the event the Settlement Agreement is not approved or is terminated according to its terms, the Parties may resume litigation no sooner than fourteen (14) days after such event or as otherwise directed by the Court.

## 9.      **Disapproval, Cancellation, Termination or Nullification of Settlement**

a.      Each Party shall have the right to terminate this Settlement Agreement if: (i) the Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that is not substantially similar in form and substance to Exhibit 4 hereto); (ii) the Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs from the one proposed by the Parties or a judgment that materially differs from Exhibit 2 hereto); (iii) the Final Approval Order and the Judgment do not become Final by reason of a higher court reversing final approval by the Court, and the Court

26

thereafter declining to enter a further order or orders approving the Settlement on the terms set forth herein; (iv) if, before the Final Approval Hearing, any of the federal and state officials notified pursuant to CAFA seek to impose additional material terms or liability on Rita's or the Released Persons for the matters resolved by this Settlement, Rita's may, at its option, elect to void the Settlement by written notice to Class Counsel; or for (v) any other any other ground for termination provided for elsewhere in this Agreement, including, without limitation, an election by Defendant to withdraw from the Settlement pursuant to Article IV, Section 9(b).

b.       Rita's also will have the right to terminate the Settlement if the number of Class Members who timely request exclusion from the Settlement Class equals or exceeds 5% of the total number of Class Members.

c.       If a Party elects to terminate this Settlement Agreement under this paragraph, that Party must provide written notice to the other Parties' counsel, by hand delivery, mail, or e- mail, within ten (10) days of the occurrence of the condition permitting termination.

d.       Nothing shall prevent Named Plaintiffs and/or Rita's from appealing any denial by the Court of final approval of this Settlement. In the event such an appeal results, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order and a Judgment.

e.       If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement and all orders

27

entered in connection therewith shall be rendered null and void; and (ii) all Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately preceding the execution of this Settlement Agreement and, except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed.

## ARTICLE V – RELEASE

1.      **Releases; Binding and Exclusive Nature of Settlement Agreement**

a.      In connection with the Settlement, the Final Approval Order and the Judgment shall each provide that the Action is dismissed with prejudice as to Named Plaintiffs and all Settlement Class Members.

b.      On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration or other claim may be pursued against Rita's or the related entities released herein with respect to the Calls or released claims.

c.      On the Effective Date and in consideration of the promises and covenants set forth in this Agreement, (i) the Named Plaintiffs and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of

the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable of being known, and (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of or relate to the use by any or all of the Released Persons of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "dialer," and/or an "artificial or prerecorded voice" to make Calls or send Texts to a cellular telephone number (to the fullest extent that those terms are used, defined, or interpreted under the TCPA, relevant regulatory or administrative promulgations, and case law) of any Settlement Class Member, including but not limited to claims arising under or relating to (i) the TCPA, and any other similar state or federal law; (ii) statutory or common law claims predicated upon any alleged violations of the TCPA and/or any similar law; and (iii) statutory or common law claims predicated upon and/or arising from any or all of the Released Parties' use of any automated dialing system and/or artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, invasion of privacy, conversion, breach of contract, unjust enrichment, specific

29

performance and/or promissory estoppel. This Release shall be included as part of any judgment, so that all Released Rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

        d.     Upon the Effective Date, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, and each of his, her, or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees, and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Defendant and the Released Persons from any and all right, lien, title, or interest in any attorney's fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as otherwise provided herein.

        e.     Settlement Class Members specifically waive any and all rights or benefits which any of them may have with respect to the Action, arising now or in the future under Section 1542 of the California Civil Code, which section provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Each Settlement Class Member acknowledges that some or all of them may hereafter discover facts different from or in addition to those which the Class now knows, believes, or suspects to be true with respect to the Action. Nevertheless, it is the intention of the Settlement Class Members to fully, finally, and forever to settle and release all of the claims released in this Agreement. The Settlement Class Members assume the risk of the possible discovery of such additional or different facts and agrees that the release given herein shall be and

remain effective in all respects as to the released matters, regardless of the discovery of such additional or different facts.

## **ARTICLE VI – ATTORNEY'S FEES AND INCENTIVE AWARD**

1.      **Reasonable Attorney's Fees and Costs**

a.      No later than fourteen (14) days before the deadline for members of the Settlement Class to object to or opt-out of the Settlement, Class Counsel may make written application to the Court for an award of Attorney's Fees and Costs incurred in the prosecution of the Action not to exceed, in the aggregate, one-third (33.33%) of the Settlement Fund (or one million dollars ($1,000,000.00)). The Parties agree that the Court (and only the Court) shall determine the final amount of the Attorney's Fees and Costs, if any, in this Action.

b.      Rita's agrees not to oppose such application, provided that it is in accord with the limitations set forth in this Article.

c.      All Attorney's Fees and Costs shall be paid out of the Settlement Fund. In the event the Court's award of Attorney's Fees and Costs is less than one-third of the Settlement Fund, the difference shall remain as part of the Settlement Fund. In the event the Attorney's Fees and Costs finally approved by the Court is less than the amount applied for, no other relief may be sought from the Court under this Agreement so as to increase the award of Attorney's Fees and Costs or otherwise make up some or all of the shortfall.

d.      Subject to the terms and conditions of this Agreement, within thirty-five (35) days after the Effective Date, and only in the event that the Court has made an award of reasonable Attorney's Fees and Costs to Class Counsel, the Settlement Administrator shall distribute from the Settlement Fund the amount of any Attorney's Fees and Costs awarded (up to a

31

maximum of one-third of the Settlement Fund) to Class Counsel. Said distribution shall be made via wire as directed by Class Counsel. Class Counsel shall submit to Rita's and to the Settlement Administrator such documentation (such as a W-9 form) as may be reasonably requested in order to accomplish the payment of Attorney's Fees and Costs contemplated herein.

e.       Except as provided for in this Article, the Parties shall bear their own attorney's fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action.

**2.       Class Representative Incentive Awards**

a.       No later than fourteen (14) days before the Opt-Out/Objection Deadline, Named Plaintiffs and Class Counsel may make written application to the Court for Incentive Awards in the amount of five thousand dollars ($5,000.00) to be paid to each of the Named Plaintiffs (for a total of ten thousand dollars ($10,000)) for their service as a class representative in the Action. The Parties agree that the Court (and only the Court) shall determine the final amount, if any, of the Incentive Awards in this Action.

b.       Rita's agrees not to oppose any such application provided that it is in accord with the limitations set forth in this Article.

c.       The Incentive Awards shall be paid out of the Settlement Fund. In the event the Incentive Award finally approved by the Court is less than five thousand dollars ($5,000.00) to each Named Plaintiff or ten thousand dollars ($10,000.00) in the aggregate, the difference shall remain as part of the Settlement Fund. In the event the Incentive Award finally approved by the Court is less than the amount applied for, no other relief may be sought from the Court under this Agreement, so as to increase the Award or make up some or all of the shortfall.

d.      Subject to the terms and conditions of this Agreement, within thirty-five (35) days after the Effective Date, and only in the event that the Court has approved Incentive Awards to the Named Plaintiffs, the Settlement Administrator shall distribute from the Settlement Fund the amount of any Incentive Award. Said distribution shall be made out as directed by Class Counsel.

3.      **Effect on Settlement**

a.      The Parties agree that the rulings of the Court regarding the amount of Attorney's Fees and Costs and Incentive Awards, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this Settlement and that any determination in that regard will be embodied in a separate order from the Court. Any order or proceedings relating to the amount of reasonable Attorney's Fees and Costs or the Incentive Award, including any appeals from or modifications or reversals of any orders related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the Final Approval Order and the Judgment become Final as defined herein.

**ARTICLE VII – LIMITATIONS ON USE OF SETTLEMENT AGREEMENT**

1.      **No Admission**

a.      Neither the acceptance by Rita's of the terms of this Settlement Agreement nor any of the related negotiations or proceedings constitutes an admission with respect to the merits of the claims alleged in the Action or in any other action, the validity or certifiability for litigation of any claims that are or could have been asserted by any of the Class Members or other

33

persons in the Action or in any other action, or the liability of Rita's in the Action or in any other action. Rita's specifically denies any liability or wrongdoing of any kind associated with the claims alleged in the Action. Likewise, the Settlement is not to be construed against the Named Plaintiffs or the Settlement Class as an admission with respect to the merits of any defenses Rita's could have raised in the Act or in any other action to class certification or the underlying claims.

2.     **Limitations on Use**

a.     This Settlement Agreement shall not be used, offered or received into evidence in the Action, or any other action or proceeding, for any purpose other than to enforce, to protect, to construe or to finalize the terms of the Settlement Agreement and/or to obtain the preliminary and final approval by the Court of the terms of the Settlement Agreement, without a court order.

## ARTICLE VIII – MISCELLANEOUS PROVISIONS

1.     **Claims Against Settlement Benefits**

a.     In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any of the Claimant Payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party.

2.     **Counterparts**

a.     This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken

together shall constitute but one and the same instrument. A facsimile or PDF signature shall be deemed an original for all purposes.

### 3.  **Integration Clause**

a.      This Settlement Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the Parties with respect to the subject matter contained herein. There are no promises, representations, warranties, covenants or undertakings governing the subject matter of this Settlement Agreement other than those expressly set forth in this Settlement Agreement. This Settlement Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Action. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and their counsel and approved by the Court, and may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

### 4.  **Execution of Documents**

a.      The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement. The execution of documents must take place prior to the date scheduled for hearing on preliminary approval of this Settlement Agreement.

### 5.  **Independent Judgment and Advice of Counsel**

a.      Each party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Settlement

35

Agreement. The Parties acknowledge, agree, and specifically warrant to each other that they have read this Settlement Agreement, have received legal advice with respect to the advisability of entering into this Settlement, and fully understand its legal effect.

6. **Governing Law**

a. The Settlement Agreement shall be construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania.

7. **Jurisdiction**

a. The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of this Settlement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with respect thereto.

8. **Exhibits**

a. The exhibits to this Settlement Agreement are an integral and material part of this Settlement Agreement and are hereby incorporated and made a part of this Settlement Agreement.

9. **No Assignments: Binding on Assigns**

a. Each Party represents, covenants, and warrants that he, she, or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that he or she herein releases. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors, and assigns.

10. **Terms and Conditions Not Superseded**

36

a.      Nothing in this Settlement Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the relationship between Rita's and its customers, or to the services provided by Rita's and purchased by its customers, except as expressly set forth herein.

11.    **Waiver of Compliance**

a.      Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties entitled to the benefit of such obligation, covenant, agreement, or condition. A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to any subsequent or other failure.

12.    **No Collateral Attack**

a.      This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Members or their representatives any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Class Member's claim should have been heard or decided by another court or in another suit, that a Class Member's claim was improperly denied, that the payment to a Class Member was improperly calculated, and/or that a Class Member failed to receive timely notice of the Settlement.

13.    **Authorization**

a.      The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions hereof.

37

14. **Settlement Class Member Signatures**

a.      It is agreed that, because the Settlement Class is so numerous, it is impractical to have each Class Member execute this Settlement Agreement. The Notice will advise all Class Members and/or their representatives of the binding nature of the Release and of this Settlement Agreement, and in the absence of a valid and timely request for exclusion, such Notice shall have the same force and effect as if each Settlement Class Member executed this Settlement Agreement.

15. **No Tax Withholding or Advice**

a.      Settlement Class Members shall be solely responsible for reporting and payment of any federal, state, and/or local income or other tax or any withholding, if any, on any of the benefits conveyed pursuant to this Settlement Agreement. Class Counsel and Rita's make no representations, and have made no representations, as to the taxability of the relief to Named Plaintiff and the other Settlement Class Members. Settlement Class Members, just like Class Counsel, the Settlement Class Representative, and Rita's, are responsible for seeking their own tax advice at their own expense.

16. **Public Statements**

a.      After preliminary approval, Plaintiffs may issue a neutrally worded press release, the contents of which have been agreed to in advance by all Parties. The purpose of the press release is solely to facilitate Class Members learning about the settlement. The press release will announce that the Action has been settled, and will include the URL for the Settlement Website through which Class Members can obtain relevant information. The press release may be

posted on Class Counsel's website. The Parties and their counsel will respond to all enquiries by any media, public interest or public affairs entity solely by reference to the public record.

        b.     The Parties and their counsel may respond to media inquiries but may not defame the Parties, their counsel, or the terms of the Settlement.   Nothing in this section shall: (1) limit the Parties' communications to the Court, which shall be governed by their applicable legal and ethical duties; (2) prohibit any communications required by law, including but not limited to the securities laws and federal and state franchise laws, rules, and regulations; (3) prohibit Class Counsel from communicating with any Settlement Class Member, or person seeking admission to the Settlement Class, regarding the Action or the Settlement; (4) prohibit Class Counsel, following the entry of a Final Approval Order and a Judgment, from identifying the case on a resume, curriculum vitae, or firm website so long as that identification is neutral and does not defame Rita's; or (5) prohibit Class Counsel or Defendant from responding to government inquiries.

        **17.**    **Drafter of Agreement**

        a.     Neither Defendants nor Plaintiffs, nor any of them, will be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

Plaintiff:

_____          Dated: 3-11-2016
Sherry Brown

Plaintiff:

_____          Dated: _____
Ericka Newby

Defendant:

_____          Dated: _____
RITA'S WATER ICE FRANCHISE COMPANY
LLC

By its _____

REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:

ATTORNEYS FOR PLAINTIFFS:

_____          Dated: 3/14/2016
Stephen F. Taylor, LEMBERG LAW, LLC

_____          Dated: 3/14/2016
Sergei Lemberg, LEMBERG LAW, LLC

_____          Dated: _____
Stephen Woodrow, WOODROW & PELUSO, LLC

_____          Dated: _____
Patrick Peluso, WOODROW & PELUSO, LLC

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff:**

_____     Dated: _____
Sherry Brown

**Plaintiff:**

_____     Dated: 3/9/16
Bricka Newby

**Defendant:**

_____     Dated: _____
RITA'S WATER ICE FRANCHISE COMPANY
LLC

By its_____


REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:

**ATTORNEYS FOR PLAINTIFFS:**

_____     Dated: _____
Stephen F. Taylor, LEMBERG LAW, LLC


_____     Dated: _____
Sergei Lemberg, LEMBERG LAW, LLC

_____     Dated: 3/11/16
Stephen Woodrow, WOODROW & PELUSO, LLC

_____     Dated: 3/11/16
Patrick Peluso, WOODROW & PELUSO, LLC

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO.

**Plaintiff:**

_____    Dated: _____
Sherry Brown

**Plaintiff:**

_____    Dated: _____
Ericka Newby

**Defendant:**

_____    Dated: 3-14-16
RITA'S WATER ICE FRANCHISE COMPANY
LLC

By its_____CEO_____

REVIEWED AND APPROVED AS TO FORM AND RECOMMENDED AS TO SUBSTANCE:

**ATTORNEYS FOR PLAINTIFFS:**

_____    Dated: _____
Stephen F. Taylor, LEMBERG LAW, LLC


_____    Dated: _____
Sergei Lemberg, LEMBERG LAW, LLC


_____    Dated: _____
Stephen Woodrow, WOODROW & PELUSO, LLC


_____    Dated: _____
Patrick Peluso, WOODROW & PELUSO, LLC

**ATTORNEYS FOR DEFENDANTS**

_____          Dated: _____
Constantine T. Fournaris, Wiggin and Dana, LLP


_____          Dated: 3/10/16
Kim E. Rinehart, Wiggin and Dana, LLP


_____          Dated: _____
John M. Doroghazi, Wiggin and Dana, LLP

**ATTORNEYS FOR DEFENDANTS**

_____     Dated: _____
Constantine T. Fournaris, Wiggin and Dana, LLP


_____     Dated: _____
Kim E. Rinehart, Wiggin and Dana, LLP


_____     Dated: _3/11/16_____
John M. Doroghazi, Wiggin and Dana, LLP

**ATTORNEYS FOR DEFENDANTS**

_Constantine T Fournaris_                                Dated:  **3·14·16**

Constantine T. Fournaris, Wiggin and Dana, LLP

_____        Dated: _____

Kim E. Rinehart, Wiggin and Dana, LLP

_____        Dated: _____

John M. Doroghazi, Wiggin and Dana, LLP

# Exhibit 1

<u>BROWN & NEWBY VS. RITA'S WATER ICE FRANCHISE COMPANY LLC</u>

To recover as part of this settlement, you *must* provide the information requested in this Claim Form.

> You can complete and submit the Claim Form online by going to *www._____.com* or you can complete this claim form and mail it to [*address*].
>
> All claims, whether mailed in or submitted online, must be postmarked or submitted by _____.

*Para ver este formulario en espanol, visita _____.*

--------------------------------------------------------------------------------------------------------------

**General Information**

First Name: _____ Current Phone Number (optional): _____

Last Name: _____ Email (optional) _____

Address: _____

City:_____ State:_____ Zip Code: _____

Phone Number That Received Cool Alerts Text Messages: _____

**Certification**

By signing and submitting this Claim Form, I certify and affirm that the information I am providing is true and correct to the best of my knowledge and belief and that between June 22, 2011, and September 15, 2015, I received a "Cool Alerts" text message from Rita's on my cellular telephone.

If you are submitting this Claim Form by mail, please sign and date below. If you are submitting this Claim Form online, you agree that clicking the "Submit" button shall constitute your signature and acknowledgement of the terms of this Claim Form.

Claimant Signature: _____ Date: ___/____/_____

# **<u>Exhibit 2</u>**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sherry Brown and Ericka Newby, *on their own behalf and on behalf of all others similarly situated*, | : <br> : <br> : <br> : |
| Plaintiffs, | : CIVIL ACTION NO: 15-CV-3509-TJS <br> : |
| v. | : **[PROPOSED] FINAL APPROVAL** <br> : **ORDER** |
| Rita's Water Ice Franchise Company LLC, *a Pennsylvania Limited Liability Company*, | : <br> : |
| Defendant | : <br> : |

**WHEREAS**, on _____, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Doc. No. ___);

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, a Final Approval Hearing was held on _____, 201___.  Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed

Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of the Incentive Awards.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Rita's Water Ice Franchise Company LLC ("Rita's"), having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for Incentive Awards to the Settlement Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3.      The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, within the authority of the parties, and the result of extensive arm's-length negotiations.  The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

2

4.      The Court has considered all objections to the Settlement, including the objections of _____.  The Court finds these objections do not counsel against Settlement approval and they are hereby overruled.

5.      For purposes of the Settlement and this Final Approval Order and the Judgment, the Court hereby certifies the following Settlement Class:

> All persons in the United States to whom Rita's sent a "Cool Alerts" text message between June 22, 2011 and September15, 2015. For the purpose of this definition, the term "person" includes individuals, business entities and partnerships. For purposes of this settlement, multiple owners or users of a single cellular telephone at a given time are deemed to be a single member of the Settlement Class.

Excluded from the Settlement Class are the following: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; and (3) the immediate family of any such person(s).

6.      In deciding whether to certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

7.      The Court finds, for Settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the Class is appropriate under Rule 23.

8.      Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following subdivisions of Federal Rule of Civil Procedure 23:

a.      Numerosity: In this Action, there are thousands of class  members.  Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met.

b.      Commonality: Here, the commonality requirement is satisfied. There are multiple questions of law and fact, centering on Defendant's Class-wide policies and practices, that are common to the Class, that are alleged to have injured all Class Members in the same way, and that would generate common answers central to the viability of the claims were this case to proceed to trial.

c.      Typicality: The Plaintiffs' claims also are typical of the Class because they concern the same policies and practices of Rita's, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied.

d.      Adequacy: Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the named Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class.  Class Counsel here regularly engage in consumer class litigation and Telephone Consumer Protection Act litigation and have dedicated substantial resources to the prosecution of this Action.  Moreover, Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in this Action.

9.      Predominance and Superiority: Rule 23(b)(3) is satisfied as well because the common legal and factual issues here predominate over individualized issues, and resolution of the common issues for the Class Members in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. The predominance requirement is satisfied here because common questions present a significant aspect of the case and can be resolved for all Class Members in a single adjudication.

10.     The Settlement Class, which will be bound by this Final Approval Order and the Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

11.     A list of persons that have validly excluded themselves from the Class is attached as Exhibit 1 hereto. The people listed in Exhibit 1 are not bound by this Final Approval Order or the Judgment.

12.     The Court finds that Rita's has complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

13.     The Court finds that the plan for Notice, set forth in Article IV, section 3 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, provided due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the Final Approval Hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14.     The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Settlement Class, and is therefore approved.

15.     All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise and are bound by the terms of the Settlement Agreement, this Final Approval Order and the Judgment.

16.     Within the time period set forth in Article IV, Section 3 of the Settlement Agreement, Rita's will make all necessary payments to the Settlement Fund.

17.     Within the time period set forth in Article III, section 3 of the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various Settlement Class Members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18.     Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and the Judgment, have fully, finally and forever released, relinquished and discharged the Released Rights against any of the Released Persons, as specified in Article V of the Settlement Agreement.

19.     All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever that asserts the Released Rights against any of the Released Persons.

20.     The terms of the Settlement Agreement and this Final Approval Order and the Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses that assert any Released Rights against any of the Released Persons.

21.     The Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the

6

Settlement are not, and shall not be construed as, or used as an admission by or against Rita's or any of the Released Persons of any fault, wrongdoing, or liability on the part of Rita's or of the validity or certifiability for litigation of any claims relating to the Texts or of the existence or amount of any damages.

22.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that any other ground for termination provided in the Settlement Agreement occurs, then this Final Approval Order and the Judgment shall be rendered null and void in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

23.     The Court hereby grants Class Counsel's request for an award of reasonable Attorney's Fees and Costs in the amount of $1,000,000.00.  The Court further grants Class Counsel's application for an Incentive Awards for Sherry Brown and Ericka Newby in amount of $5,000.00 each.  These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

24.     The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

        DATED this ____ day of _____, 2016.

By _____

Timothy J. Savage
U.S. District Court Judge

# **Exhibit 3**

Post Card Notice

**COURT-ORDERED LEGAL NOTICE**

THE COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.

A Settlement Agreement has been reached in a class action lawsuit alleging that Rita's Water Ice Franchise Company LLC used an automatic telephone dialing system to send text messages to cellular telephones without the adequate prior written consent of the person texted and/or after certain recipients texted "stop." The text messages were called "Cool Alerts" and contained information about what flavors of ice cream products Rita's had available to sell.

A settlement fund of $3,000,000.00 has been established to pay valid claims, attorney's fees, costs, incentive awards to the two named plaintiffs and settlement administration costs. You may be entitled to receive a share of the fund. Your legal rights are affected whether you act or don't act, so read this notice carefully.

This Postcard Notice contains limited information about the Settlement. For more information or to submit an online Claim Form, visit SETTLEMENTWEBSITE.com

---

PRESORTED
FIRST-CLASS MAIL

U.S. POSTAGE
PAID

**TCPA SETTLEMENT**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170990**
**MILWAUKEE, WI 53217**

[CLAIM ID IN DIGITS]
[CLAIM ID IN BARCODE]

Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST]  [ZIP]

If you wish to participate in the settlement, please complete, sign, and return this **Settlement Claim Form** or submit an Online Claim Form.

VIVINTTCPA

For Official Use Only

You must complete and submit a Claim Form by _____. You may submit a Claim Form online at SETTLEMENTWEBSITE.com or by completing and submitting this Claim Form to receive your share.  Based on the information we have now (including claims rates in similar cases), each Class Member is likely to receive approximately $250 and could receive more but the final amount may be higher or lower depending on the number and type of valid claims filed and how the Court distributes the Settlement Fund. To complete this form, provide the information below and execute the certification.

_____     _____
Name                                                                Current Phone Number (optional)

_____     _____
Address                                                             Email (optional)

_____     _____
City, State  Zip                                                    Phone Number That Received Cool Alerts Text Messages

### Certification

By signing and submitting this Claim Form, I certify and affirm that the information I am providing is true and correct to the best of my knowledge and that between June 22, 2011 and September 15, 2015, I received a "Cool Alerts" text message from Rita's on my cellular telephone.

If you are submitting this Claim Form by mail, please sign and date below. If you are submitting this Claim Form online, you agree that clicking the "Submit" button shall constitute your signature and acknowledgement of the terms of this Claim Form.

Signature: _____          Date: _____

*Brown, et al. v. Rita's Water Ice Franchise Company LLC,* 15-cv-3509 (Eastern District of Pennsylvania)

*THIS CARD PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. VISIT* www.SETTLEMENTWEBSITE.com *FOR MORE INFORMATION*
Plaintiffs allege that Rita's violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq,* by sending text messages to their cellular telephones without their prior express written consent using an automatic telephone dialing system. The texts were "Cool Alerts" notifications of frozen confection products Rita's had available for sale. Plaintiffs allege Rita's did not have proper prior express written consent to send the messages and, in some instances, continued to send the "Cool Alerts" messages after receipients requested the texts stop. Rita's denies any wrongdoing, denies that it did not have prior express written consent and denies that it violated the Telephone Consumer Protection Act or any other law. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. You can read Plaintiffs' Amended Complaint, the Settlement Agreement, other case documents, and submit a claim form at *www.                .com*

**Who's Included?** All persons in the United States to whom Rita's sent a "Cool Alerts" text message between June 22, 2011 and September 15, 2015. You were identified as someone who may have received one of these messages based upon records obtained in the lawsuit and may be entitled to payment under the Settlement.

**What Can You Get?** Class Members who received a "Cool Alerts" text message from Rita's on their cellular telephone between June 22, 2011, and September 15, 2015, will be entitled to one (1) Award Unit. Class Members who received at least one additional "Cool Alerts" text message after texting Rita's "STOP" in response to a prior message will be entitled to ten (10) Award Units. Class Member who meet the requirements of both categories will be entitled to eleven (11) Award Units. Each "Award Unit" will have an equal monetary value, determined by dividing the Net Settlement Fund (calculated as the total Settlement Fund ($3,000,000.00) less Settlement Administration Costs, Attorney's Fees and Costs, and Incentive Awards) by the total number of Award Units (calculated based upon the number of eligible claiming Class Members and their types of claims). The final cash payment will depend on the total number of valid and timely claims filed by all Class Members. The Settlement is explained in detail in the Full Notice and in the Settlement Agreement available at *www.                .com*.

**How to Get Money?** To qualify for payment, you must submit a valid Claim Form to [ADDRESS] or submit an Online Claim Form by **DATE**.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE**, or you will not be able to sue the Defendants for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by DATE. The Full Notice, located at the website listed below, explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on DATE at TIME p.m. to consider whether to approve the Settlement, Plan of Allocation, and a request by the lawyers representing all Class Members for up to 33% of the Settlement Fund in attorneys' fees and expenses for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. **If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against the Defendants.**

For more information or a Claim Form: 800-xxx-xxxx or www.SETTLEMENTWEBSITE.com

**Do not contact the Court, Defendants or their counsel with questions. You may contact class counsel [XXXXXXXXXXXX]**

AFFIX
POSTAGE
HERE

**SETTLEMENT NAME**
**c/o Claims Administrator**
**PO BOX XXXXX**
**MILWAUKEE, WI  53217**

## Long Form Notice Available Online

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**
-------------------------------------------------------------X
Sherry Brown and Ericka Newby, *on their own behalf
and on behalf of all others similarly situated*,



Plaintiffs,

v.

Rita's Water Ice Franchise Company LLC, *a
Pennsylvania Limited Liability Company*,

Defendant
-------------------------------------------------------------X

<u>NOTICE REGARDING CLASS ACTION SETTLEMENT</u>

A Settlement Agreement has been reached in a class action lawsuit alleging that Rita's Water Ice Franchise Company LLC ("Rita's") used an automatic telephone dialing system to send text messages to cellular telephones without the adequate prior written consent of the person texted and in some instances, continued to send text messages after recipients requested the texts stop. The text messages were called "Cool Alerts" and contained information about what flavors of frozen confection products, such as Italian ice, frozen custard, and ice cream, Rita's had available to sell.  Rita's records show that you may have received these messages and may be entitled to payment under the Settlement.

A settlement fund of $3,000,000.00 has been established to pay valid claims, attorney's fees, costs, incentive awards to the two name plaintiffs and settlement administration costs. You may be entitled to receive a share of the fund. The final cash payment for class members will depend on the total number of valid and timely claims filed by all Class Members. Your legal rights are affected whether you act or don't act so <u>read this notice carefully</u>.

| YOUR OPTIONS | |
|---|---|
| **Option 1:**<br>**Submit a Claim Form**<br>**Deadline: _____** | **Complete and submit a Claim Form to recover cash**<br>Only class members who submit Claim Forms can recover a cash payment from the settlement fund. |
| **Option 2:**<br>**Ask to be Excluded**<br>**Deadline: _____** | **Get out of this lawsuit and get no benefits from it**<br>Instead of submitting a Claim Form, you may ask to be excluded from the lawsuit.  By excluding yourself, you will not receive a cash payment, but you keep your right to sue on your own. |
| **Option 3:**<br>**Deadline: _____** | **Object to the terms of the Settlement Agreement.**<br>Instead of submitting a claim form or asking to be excluded, you may object to the terms of the Settlement Agreement and have your objections heard at the _____ Fairness Hearing. |

**1.     What is this lawsuit about?**

In the lawsuit, the Plaintiffs alleges that Rita's violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*, when Rita's sent them text messages to their cellular telephones without their prior express written consent using an automatic telephone dialing system.

The texts were Rita's "Cool Alerts" notifications of frozen confection products Rita's had available for sale.

Plaintiffs allege that Rita's did not have proper prior express written consent to send the messages and in some instances continued to send them the "Cool Alerts" messages after receiving a request from the recipient to stop sending the texts.

Rita's denies any wrongdoing, denies that it did not have prior express written consent, and denies that it violated the Telephone Consumer Protection Act or any other law.

Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation.

You can read Plaintiffs' Amended Complaint, the Settlement Agreement, other case documents, and submit a claim form at *www._____.com*

**2.     Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case, Sherry Brown and Ericka Newby), sue on behalf of a group (or a "Class") of people.  Here, the Plaintiffs sue on behalf of people who have similar claims regarding texts made to their cellular telephones by Rita's.

**3.     Why is there a settlement?**

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiffs' and the Class claims.

**4.     How do I know if I am a part of the settlement?**

For settlement purposes, the Court has conditionally certified a Class consisting of all people who meet the following definition:

> All persons in the United States to whom Rita's sent a "Cool Alerts" text message between June 22, 2011 and September 15, 2015.

Based on the records in this case, the parties believe <u>you</u> are a Class member.

**5.     How do I recover?**

Submit a Claim Form online or through the mail.  This is the only way to get a payment.

The Settlement Fund will be distributed to Class Members using an "Award Unit" formula:

- Class Members who received a "Cool Alerts" text message from Rita's on their cellular telephone between June 22, 2011, and September 15, 2015, will be entitled to one (1) Award Unit.

- Class Members who received at least one additional "Cool Alerts" text message after texting Rita's "STOP" in response to a prior text message will be entitled to ten (10) Award Units.

In the Claim Form you are asked to certify if you received a Cool Alerts text message.  Based on Rita's records, the Settlement Administrator will determine which categories you satisfy. If you satisfy both categories, you will be entitled to eleven (11) Awards Units in total.

Each "Award Unit" will have an equal monetary value, determined by dividing the Net Settlement Fund (calculated as the total Settlement Fund ($3,000,000.00) less Settlement Administration Costs, Attorney's Fees and Costs, and Incentive Awards) by the total number of Award Units (calculated based upon the number of eligible claiming Class Members). The final cash payment will depend on the total number of valid and timely claims filed by all Class Members.

You can submit a claim form online at *www._____.com*

Or, you can complete the form attached to this notice and mail your Claim form to:

[insert address of class administrator]

All claim forms must be mailed or filed online no later than _____.

**6.      What am I giving up to receive these benefits?**

By staying in the Class, all of the Court's orders will apply to you, and you give Rita's a "release." A release means you cannot sue or be part of any other lawsuit against Defendant and certain other parties about the claims or issues in this lawsuit with respect to the claims in the action and you will be bound by the Settlement Agreement. The full release is included in the Settlement Agreement, which is available at www._____.com.

**7.      How much will the Class Representatives receive?**

The Plaintiffs can file a claim like other class members. In addition, the Plaintiffs will receive a payment of up to $5,000.00 each as an incentive award for having pursued this action.

These incentive payments are subject to the Court's Approval.

**8.      Do I have a lawyer in this case?**

To represent the class, the Court has appointed attorneys with the law firm of Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897, and Woodrow & Peluso, LLC, 3900 E. Mexico Ave # 300 Denver, CO 80210 as "Class Counsel."  You can contact Class Counsel at (203) 653-2250 or at [ ]@lemberglaw.com.

Class Counsel will request an award of attorney's fees and expenses of up to one-third of the settlement fund. The payment of attorney's fees and expenses is subject to the Court's Approval. You may hire your own attorney, but only at your own expense.

**9.      I don't want to be part of this case, how do I ask to be excluded?**

Send a Request to Be Excluded.

If you don't want a payment from this settlement, but you want to keep the right to individually sue the Defendant about the issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself, or "opting out", of the Settlement Class. To exclude yourself, you must send a letter by mail that (i) states your full name, address and telephone number, (ii) contains, to the extent you know it, the cellular telephone number at which you received Cool Alerts text messages, (iii) contains your signature or the signature of the person authorized by law to sign on behalf of the class member, and (iv) states unequivocally your intent is to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

You must mail your exclusion request postmarked no later than [insert date] to [insert address of class administrator].

**10.    How do I object?**

Any Settlement Class Member who has not requested to be excluded from the Settlement Class may object to the Settlement.  In order to exercise this right, you must submit your objection to the Court. Your objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member at which the Settlement Class Member claims text messages were received; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth the complete legal and factual bases for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing; (viii) state the number of times the Settlement Class Member has objected to a class action settlement in the last five years, and if he/she has objected, provide the caption of each case; (ix) identify any counsel who represents the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (x) state the number of times that the objector's counsel and/or counsel's law firm have objected to a class action settlement within the last five years and the caption of each case in which the counsel or the firm has made such objection; and (xi) identify any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel and any other person or entity.

Objections must be filed with the Clerk of the Court on or before _____.

The Court's address is: *Clerk of the Court, Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.*

## The Fairness Hearing

The Court will hold a fairness hearing on _____, **2016** in the courtroom of the Honorable Timothy J. Savage, U.S. Courthouse, *601 Market Street Philadelphia, PA 19106*. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel and whether to award the Plaintiffs incentive awards. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## FOR MORE INFORMATION

If you have any questions or seek more information or seek to review case documents, visit www.SETTLEMENTWEBSITE.com, or contact Class Counsel at:

      Stephen Taylor, Esq.

LEMBERG LAW, LLC
["@Lemberglaw.com"]

# **<u>Exhibit 4</u>**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Sherry Brown and Ericka Newby, *on their own behalf and on behalf of all others similarly situated*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Rita's Water Ice Franchise Company LLC, *a Pennsylvania Limited Liability Company*,<br><br>　　　　　　　　Defendant | CIVIL ACTION NO: 15-CV-3509-TJS<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; CERTIFYING SETTLEMENT CLASS; APPROVING NOTICE; AND SETTING DATE FOR FINAL APPROVAL HEARING** |

**WHEREAS**, Plaintiffs Sherry Brown ("Brown") and Ericka Newby ("Newby) and Defendant Rita's Water Ice Franchise Company LLC ("Rita's") have reached a proposed settlement and compromise of the dispute between them and other similarly situated individuals in the Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS**, Plaintiffs and Defendant have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS**, the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law, and has held a preliminary approval hearing on March 22, 2016; and

**WHEREAS**, it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a final approval hearing should be held, following notice to the Settlement Class of the proposed Settlement, to finally determine whether

the proposed Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.     The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.     The Court has jurisdiction over the subject matter and the parties to this proceeding pursuant to 28 U.S.C. § 1332 and venue is proper in this District.

3.     The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

4.     The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations involving mediation before the Honorable Diane M. Welsh (Ret.) a former United States Magistrate Judge for the Eastern District of Pennsylvania and an experienced mediator.

5.     For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class:

> All persons in the United States to whom Rita's sent a "Cool Alerts" text message between June 22, 2011 and September 15, 2015. For the purpose of this definition, the term "person" includes individuals, business entities and partnerships. For purposes of this settlement, multiple owners or users of a single cellular telephone at a given time are deemed to be a single member of the Settlement Class.

> Excluded from the Settlement Class are the following: (1) any trial judge that may

preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person

of Defendant, and the officers, directors, agents, servants or employees of Defendant; and (3) the immediate family of any such person(s).

6.  The Court preliminary finds, for Settlement purposes only, that:

    a.  The above-described Settlement Class is so numerous that joinder of all members is impracticable;

    b.  There are questions of law or fact common to the Settlement Class;

    c.  The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

    d.  The Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class;

    e.  The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

    f.  Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

7.  The Court finds that it has personal jurisdiction over all Class Members, including the absent Class Members.

8.  The Named Plaintiffs, Sherry Brown and Ericka Newby, shall be the Settlement Class Representatives of the Settlement Class.  This Court preliminarily finds that they will fairly and adequately represent and protect the interests of the absent Class Members.

9.  The Court approves Lemberg Law, LLC, Sergei Lemberg and Stephen F. Taylor, and the law firm of Woodrow & Peluso, LLC, Steven Woodrow and Patrick Peluso, as settlement Class Counsel.  This Court preliminarily finds that they are competent, capable of

exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

10.     The court approves A.B. Data, Ltd. to serve as the Settlement Administrator in this Action.

11.     A Final Approval Hearing shall be held before this Court on _____, 201__, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and the Judgment should be entered; and (b) whether Class Counsel's Attorney's Fees and Costs application and the Incentive Awards for Named Plaintiffs should be approved.  Papers in support of final approval of the Settlement, the Incentive Awards to Named Plaintiffs, and Class Counsel's Attorney's Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 21 below. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order and a Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members with respect to the Released Rights being settled.

12.     The Court approves, as to form and content, the use of a Claim Forms and written Notice substantially similar to the forms attached as Exhibits 1 and 3 to the Settlement Agreement, respectively.  Written Notice will be provided to members of the Settlement Class by first-class U.S. mail using Rita's records of text messages as well as a reverse look-up process and other investigations deemed appropriate by the Settlement Administrator and in accordance with the Settlement Agreement, updated by the Settlement Administrator in the normal course of business. All Notices shall be mailed within 45 days of the date of entry of this Preliminary

Approval Order.  Before the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice provisions.

13.    The cost of Notice and settlement administration shall be paid from the Settlement Fund, as provided for in the Settlement Agreement.

14.    The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

15.    Defendant shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed Settlement.

16.    Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 21 days before the Final Approval Hearing.

17.    Each request for exclusion, or "Opt-Out", must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed.  Further, to be valid and treated as a successful exclusion or "Opt-Out" the request must (a) state the Class Member' full name, address, and telephone number; (b) contain, to the extent known to the Class Member, the cellular telephone number at which Rita's Text Messages were received; (c) contain

the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action; and (d) state unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

18.     No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the Person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

19.     Any Class Member who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

20.     Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement.  Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, no later than 21 days before the Final Approval Hearing.  Each Objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) identify the cellular telephone number of the Settlement Class Member at

which the Settlement Class Member claims text messages were received; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth the complete legal and factual bases for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing; (viii) state the number of times the Settlement Class Member has objected to a class action settlement in the last five years, and if he/she has objected, provide the caption of each case; (ix) identify any counsel who represents the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (x) state the number of times that the objector's counsel and/or counsel's law firm have objected to a class action settlement within the last five years and the caption of each case in which the counsel or the firm has made such objection; and (xi) identify any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel and any other person or entity.  Any Class Member that fails to do object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise.

21.     Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other

8

capacity) any Released Rights against any of the Released Persons in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

22.     Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Notice mailing deadline | 45 days after entry of Preliminary Approval Order |
| Last day for Class Members to opt-out of Settlement | 21 days prior the Final Approval Hearing |
| Last day for objections to the Settlement to be filed with the Court | 21 days prior the Final Approval Hearing |
| Last day to submit a Valid Claim Form | 21 days prior the Final Approval Hearing |
| Briefs in support of Final Approval due by | 14 days prior to the Final Approval Hearing |
| Attorney's Fees and Costs application due by | 35 days prior to the Final Approval Hearing |
| Incentive Award application due by | 35 days prior to the Final Approval Hearing |
| CAFA compliance certification due by | 14 days prior to the Final Approval Hearing |
| Parties file responses to objections, if any | 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | On the date set in paragraph 10, but no earlier than 180 days after the Notice mailing deadline |

23.     Service of all papers on counsel for the parties shall be made as follows: for settlement Class Counsel: to Stephen F. Taylor, Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897; for Defendant: John Doroghazi, Wiggin and Dana, LLP, One Century Tower, P.O Box 1832, New Haven, CT 06510.

24.     In the event that a Final Approval Order and a Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other action. In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

25.     In addition, the Court preliminarily finds that by not objecting to the certification of the settlement Class for settlement purposes and by taking other steps to negotiate, execute, and implement the Settlement Agreement, Defendant has not waived any arguments that it is or may have to opposing class certification absent this Settlement Agreement. If the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement, the Court will fully disregard and not consider any act relating to the negotiation, execution, or implementation of the Settlement Agreement, certification of the Settlement Class for settlement purposes only, or Defendant's lack of objection to Plaintiffs' class certification motion when deciding any class certification issues. The Court may, for good

10

cause, extend all of the deadlines set forth in this Order without further notice to the Settlement

Class.

DATED this _____ day of _____, 2016.


By _____

Timothy J. Savage
U.S. District Court Judge

# **<u>Exhibit 5</u>**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Sherry Brown and Ericka Newby, *on their own behalf and on behalf of all others similarly situated*,<br><br>          Plaintiffs,<br><br>v.<br><br>Rita's Water Ice Franchise Company LLC, *a Pennsylvania Limited Liability Company*,<br><br>          Defendant | CIVIL ACTION NO: 15-CV-3509-TJS<br><br>**[PROPOSED] FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE** |

For the reasons stated in the accompanying Final Approval Order, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

The Settlement Agreement proposed by the Parties is approved. Sherry Brown, Ericka Newby, Rita's Water Ice Franchise Company, LLC and the Settlement Class Members shall comply with the Final Approval Order (Doc. No. __) and the Settlement Agreement (Doc. No. ___) in all respects. This Action is hereby **DISMISSED WITH PREJUDICE**.

DATED this ____ day of _____, 2016.

By _____

Timothy J. Savage
U.S. District Court Judge