IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERRY BROWN and ERICKA NEWBY,** | : | **CIVIL ACTION** |
| on their own behalf and on behalf of | : | |
| all others similarly situated | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 15-3509** |
| **RITA'S WATER ICE FRANCHISE** | : | |
| **COMPANY LLC** | : | |

## ORDER

**AND NOW**, this 23rd day of March, 2016, upon consideration of the Motion for Preliminary Approval of Class Action Settlement (Document No. 42) and after a hearing, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Class Action Settlement and Release ("Settlement Agreement") (Document No. 42-3) is preliminarily approved.

2. The terms and conditions of the Settlement Agreement are incorporated in this Order.

3. The following Settlement Class is certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

> All persons in the United States to whom Defendant Rita's Water Ice Franchise Company LLC ("Rita's") sent a "Cool Alerts" text message, which contained information about flavors of ice cream products Rita's had available to sell, between June 22, 2011 and September 15, 2015. Excluded from the Settlement Class are the Defendant and any of its parents, subsidiaries, affiliates, officers, directors, agents or employees.

4. This action challenges Rita's practice of sending text messages, known as "Cool Alerts," without adequate prior written consent of the person texted and/or after the

recipient texted "stop."

5. The Settlement Agreement, entered into between the parties in March, 2016, resolves claims brought against Rita's for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*

6. The Settlement Agreement requires Rita's to create a Settlement Fund of Three Million Dollars ($3,000,000.00).

7. No later than January 27, 2017, Rita's shall fully fund the Settlement Fund.

8. Any award for attorneys' fees and expenses, class representative incentive award, and payment for notice and administration costs will be paid out of the Settlement Fund, creating a Net Settlement Fund.

9. Each Class Member who submits a valid claim form is eligible to receive one claimant payment and will receive a *pro rata* share of the Net Settlement Fund.

10. The Net Settlement Fund will be distributed to Class Members using an "award unit" formula as follows:

    a. Each Class member who received at least one "Cool Alerts" text message from Rita's during the class period will receive one award unit;

    b. Each class member who received one additional "Cool Alerts" text messages from Rita's after texting "STOP" to Rita's will receive an additional ten award units;

    c. The number of award units will be based on the number of valid claims submitted by class members;

    d. Each award unit will have an equal monetary value, which will be

determined by dividing the Net Settlement Fund by the total number of award units;

e.  Each claimant payment will be calculated by multiplying the number of award units to which the Class Member is entitled by the monetary value of the award unit.

11.  The Settlement Agreement requires Rita's to pay the costs reasonably incurred in disseminating all notice and claim forms, publishing notice, administering and maintaining the Settlement Website, processing claim forms, and providing the payment to Class Members.

12.  The Settlement Agreement requires Rita's, if it chooses to send "Cool Alerts" using text messages during the twelve months after the date the Settlement becomes final, to include the following written disclosure on its web pages where consumers enter their phone numbers to receive "Cool Alerts" text messages:

> By [clicking/signing] below and providing my mobile phone number above, I agree and authorize Rita's to deliver or cause to be delivered to me marketing and other text messages sent using an automatic telephone dialing system, and I understand that I am not required to click below or provide my mobile phone number above (directly or indirectly), or to agree to enter into any such agreement as a condition of purchasing any property, goods, or services.

13.  The Settlement Agreement entered into between the parties appears to be fair, reasonable and adequate to the Settlement Class.

14.  For purposes of preliminary approval, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

a.  there are approximately one hundred thirty-eight thousand (138,000) members of the Settlement Class;

b.  there are questions of fact and law that are common to all members

of the Settlement Class;

      c.    the claims of the class representative is typical of those of the other members of the Settlement Class;

      d.    the class representative will fairly and adequately protect the interests of the Settlement Class; and

      e.    counsel for the Settlement Class, experienced in complex commercial and class action litigation, has and will continue to adequately represent the Settlement Class.

15.    This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

      a.    a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

      b.    questions of fact and law common to members of the Settlement Class predominate over any questions affecting only individual members.

16.    Plaintiffs Sherry Brown and Ericka Newby are appointed as the Class Representatives.

17.    The following attorneys are appointed as counsel for the Settlement Class: Sergei Lemberg and Stephen F. Taylor of Lemberg Law, LLC; and Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC ("Class Counsel").

18.    A.B. Data, Ltd. is appointed as the Settlement Administrator

19.    No later than **May 7, 2016**, the Settlement Administrator shall establish a designated website for the administration of this Class Action Settlement ("Settlement Website").

20. The Settlement Website shall:

   a. include a copy of the Settlement Agreement, the Class Notice and the Preliminary Approval Order;

   b. identify all deadlines;

   c. provide answers to frequently asked questions;

   d. be amended as agreed to by the Parties during the course of the settlement administration; and

   e. contain Spanish translations of the Class Notice, Website home page, and frequently asked questions.

21. The Website shall be maintained until at least **May 7, 2017**.

22. No later than **May 7, 2016**, Class Counsel, through the Settlement Administrator, shall provide notice to the Settlement Class by:

   a. causing a copy of the Class Notice, substantially in the form attached as Exhibit 3 to the Settlement Agreement, to be mailed by first-class mail to each potential Settlement Class Member; and

   b. posting a copy of the Class Notice on the Settlement Website.

23. No later than **July 1, 2016**, the Settlement Administrator shall file proof of mailing of the Class Notice required by paragraph 21 of this Order.

24. The manner of giving notice as prescribed in this Order satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.

25. Each Settlement Class Member shall have the right not to be included in the

Settlement Class by mailing a request for exclusion to the Settlement Administrator postmarked no later than **July 8, 2016**. Requests for exclusion must comply with Article IV, section 4 of the Settlement Agreement and the Class Notice.

26. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in this litigation, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the claims released in this case, and even if such Settlement Class Member never received actual notice of this litigation or this proposed settlement.

27. Unless and until they have submitted a timely request for exclusion from the Settlement Class, Settlement Class Members and their legally authorized representatives are preliminarily enjoined from:

    a. filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction arising out of any of the claims released in the Settlement Agreement;

    b. filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based upon the claims released in the Settlement Agreement; and

    c. attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding

based upon the claims released in the Settlement Agreement.

28.     No later than **July 8, 2016**, each Settlement Class Member who does not timely opt out of the Settlement Class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and out-of-pocket expenses by filing written objections with the Clerk of Court and serving a copy of the objection on Class Counsel.  Objections must comply with Article IV, section 6 of the Settlement Agreement and the Class Notice.

29.     Failure to timely file and serve written objections in compliance with the Settlement Agreement, Class Notice and paragraph 27 of this Order will preclude a Settlement Class Member from objecting at the Final Approval Hearing.

30.     No later than **July 15, 2016**, the Settlement Administrator shall file and serve on counsel a list of all persons who have timely opted out of the Settlement Class with its determinations as to whether any request to opt out of the Settlement Class was not submitted timely.

31.     The Settlement Administrator shall provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was untimely.

32.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and out-of-pocket expenses by Class Counsel shall be filed no later than **July 15, 2016**.

33.     Pursuant to Fed. R. Civ. P. 23(e), a final approval hearing will be held on **July 27, 2016**, at **10:00 a.m.**, in **Courtroom 9A,** at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine:

   a.     whether this action satisfies the criteria for class certification set forth

in Fed. R. Civ. P. 23(a) and (b);

      b.    whether the proposed settlement is fair, reasonable and adequate;

      c.    whether final approval should be granted;

      d.    whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice;

      e.    an award of attorneys' fees and out-of-pocket expenses; and

      f.    other such matters as the Court may deem appropriate.

34.    The Court retains exclusive jurisdiction over this action to consider all matters arising out of or connected with the Settlement Agreement.

        /s/Timothy J. Savage
      TIMOTHY J. SAVAGE,  J.